

**ORDERED in the Southern District of Florida on January 08, 2010.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                          Case No. 09-38535-EPK

OCEAN DEVELOPMENT 1, LLC,                   Chapter 11

     Debtor.
_____/

**INTERIM ORDER APPROVING THE EMPLOYMENT OF THE LAW FIRM OF SUSAN D. LASKY, PA AS COUNSEL FOR THE DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE AND SETTING FINAL HEARING**

**THIS CAUSE** came before the Court upon the *Debtor's Application for Employment of Susan D. Lasky as Counsel for Debtor Nunc Pro Tunc* (the "Application") [DE 27] and the related *Affidavit of Proposed Attorney for Debtor-in-possession* (the "Affidavit") attached to the Application. The Application requests entry of an order approving the Debtor-in-possession's employment of Susan D. Lasky, PA (the "Firm") as its counsel in the above-referenced Chapter 11 case.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). The Court is authorized to grant the relief requested in the Application under 11 U.S.C. §327, Fed. R. Bankr. P. 2014(a), and Local Rule 2014-1.

The Affidavit accompanying the Application makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016, and constitutes a verified statement demonstrating that the Firm is disinterested as required by 11 U.S.C. §327.

Bankruptcy Rule 6003 states, in pertinent part: "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following: (a) an application under Rule 2014 . . . ." An application under Bankruptcy Rule 2014 is one for approval of employment of a professional pursuant to 11 U.S.C. §§ 327, 1103, or 1114.

The Debtor-in-possession requires the assistance of counsel to fulfill its duties under the Bankruptcy Code. The Court finds that withholding approval of an application for interim retention of counsel for twenty days would cause immediate and irreparable harm to the estate.

The Court adopts the following procedure for retention of counsel on an interim basis within the first twenty days following commencement of a case. The Court will enter an order approving retention of counsel on an interim basis until a final hearing can be convened, at least twenty days post-petition, after notice to all parties in interest and the United State Trustee. All objections to the retention of counsel will be preserved until the final hearing at which time the Court will review any such objections *de novo* and determine the merits of the application. This procedure complies with the requirements of Fed. R. Bankr. P. 6003. It also ensures that debtors-in-possession are represented by counsel so that they may fulfill their duties under the Bankruptcy Code during the

first twenty days after commencement of a case and until such time as a final hearing on the application for employment can be convened.

The Court having reviewed the Application and the Affidavit, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Application is **GRANTED** as provided herein.

2. The employment by the Debtor-in-possession of the Firm in this case is **APPROVED** pursuant to 11 U.S.C. § 327(a), on an interim basis, pending the final hearing as set forth below.

3. The employment of the Firm by the Debtor-in-possession shall be *nunc pro tunc* to the Petition Date.

4. The Firm shall apply for compensation and reimbursement of costs pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates and charges, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor-in-possession.

5. The Court shall conduct a final hearing on the Application on January 21, 2010 at 3:00 p.m. at the United States Bankruptcy Court, Flagler Waterview Building, 1515 N. Flagler Drive, 8th floor, Courtroom B, West Palm Beach, Florida.

6. Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* basis at the final hearing.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

Copies furnished to:

Susan D. Lasky, Esq
2101 N Andrews Ave #405
Wilton Manors, FL 33311

AUST

Susan D. Lasky, Esq. is directed to serve a copy of this Order on all interested parties who have not been served via CMECF, and to file a certificate attesting to any such service.